IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH AUSTIN, ) | |
| ) | |
| Defendant-Petitioner, ) | |
| ) | No. 20 C 6133 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Keith Austin, along with nine codefendants, fraudulently obtained fifty-two mortgage loans from lenders, resulting in losses of over $8 million. *United States v. Austin*, 907 F.3d 995, 996 (7th Cir. 2018). As a result, the government charged Austin with wire fraud, bank fraud, and obstruction of justice. (Dkt. 13 CR 761, R. 1). Austin proceeded to trial. After eight days, but before the government rested, he pleaded guilty to one count of bank fraud, one count of aggravated identity theft, and one count of obstruction of justice. (Dkt. 13 CR 761, R. 139).

At the outset of the plea colloquy, Austin was placed under oath. (Dkt. 13 CR 761, R. 406 at 1180). The Court verified that Austin understood what was happening, had spoken with his attorney, and willingly chose to change his plea, (*id.* at 1180–82), then discussed the trial rights that Austin was relinquishing by pleading guilty, (*id.* at 1182–85). Austin affirmed that he knew the rights he was waiving and described more than fifty meetings with his attorney related to the case. (*Id.* at 1185–86). Austin acknowledged that the government had not yet rested, but that defense counsel had made an opening statement, cross-examined the witnesses, and made appropriate objections. (*Id.* at 1186–87). The government provided the factual basis for each count, and each time, Austin assented when the Court asked if he heard the evidence and if they were

1

"the facts upon which you are pleading guilty." (*Id.* at 1189–95). When asked, "What then have you ultimately decided to do?" he answered, "I decided to talk to my attorney and plead guilty on those counts." (*Id.* at 1197). He elaborated, "I talked to my attorney. We have been talking for several days. And knowing the factual basis and mistakes that I have made, I talked to him and told him that I want to plead guilty to those counts." (*Id.* at 1198).

Prior to sentencing, trial counsel withdrew, and new defense counsel was appointed. (Dkt. 13 CR 761, R. 185, 207–09). The Court determined that the guideline range was 188 to 235 months' imprisonment and imposed a sentence of 144 months, followed by a two-year term of supervised release. (Dkt. 13 CR 761, R. 399 at 29, 53–56). Austin appealed his plea and sentence, arguing that he did not knowingly and voluntarily enter into the agreement because the Court did not adequately discuss the sentencing guidelines and restitution; the lack of a sentencing reduction for acceptance of responsibility; and the sufficiency of the evidence supporting the loss amount. *See Austin*, 907 F.3d at 996. The Seventh Circuit rejected the first two arguments. "[T]he court's discussion of the Sentencing Guidelines was sufficient under Rule 11." *Id.* at 999. And instead of "gaining nothing" by pleading, the government dismissed several counts, which "can be a benefit to a defendant." *Id.* at 1000. A remand was necessary only for the recalculation of restitution and to address any related loss-calculation objections. *Id.* at 1001. On remand, the Court sentenced Austin to concurrent 97-month terms of imprisonment, along with a consecutive 24-month term. (Dkt. 13 CR 761, R. 450 at 2).

Austin now petitions for habeas relief under 28 U.S.C. § 2255.[1] A federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct its sentence" if the "the sentence was imposed in violation of the Constitution or laws of the United States." *Jones v.*

---

[1] Upon the retirement of Judge Charles Norgle, his case was transferred to this Court. (Dkt. 19).

2

*Hendrix*, 143 S. Ct. 1857, 1865 (2023) (quoting 28 U.S.C. § 2255(a)). Habeas relief, however, is reserved for "extraordinary situations … where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). Austin claims his sentence "was imposed in violation of the Constitution" because his trial attorney rendered constitutionally deficient performance, he is actually innocent of the crimes he pleaded guilty to, and the prosecutors vindictively prosecuted him.[2] Each contention falls flat. His petition does not present an "extraordinary situation[]" where habeas relief is warranted.

The Sixth Amendment guarantees a criminal defendant's right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Resnick v. United States*, 7 F.4th 611, 620 (7th Cir. 2021); *Blake*, 723 F.3d at 879. To prevail on an ineffective-assistance-of-counsel claim, a defendant must show that his attorney's performance fell "below an objective standard of reasonableness" based on "prevailing professional norms"—a "highly deferential" standard. *Strickland*, 466 U.S. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* And even if counsel's performance fell below "prevailing professional norms," a reasonable probability must exist that "the result of the proceeding would have been different" without counsel's error. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For a defendant who pleads guilty, the deficient performance must have been a "decisive factor" in the decision to enter a guilty plea. *Wyatt v. United States*, 574 F.3d 455, 458–59 (7th Cir. 2009). Such

---

[2] Austin also seeks an evidentiary hearing, but he has not "alleged 'facts that, if proven, would entitle him to relief.'" *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)); *see also Osagiede v. United States*, 543 F.3d 399, 412 (7th Cir. 2008) ("Ineffective assistance claims generally require an evidentiary hearing if the record contains insufficient facts to explain counsel's actions as tactical."). No hearing is required when—as the case is here—"the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gaylord*, 829 F.3d at 506 (citing *Bruce*, 256 F.3d at 597).

a showing requires objective evidence; a defendant's self-serving testimony does not suffice. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).

Here, Austin cannot establish either that his trial counsel's performance was constitutionally deficient or that, based on objective evidence, he would have proceeded to trial absent any alleged substandard legal advice. Austin's main gripe is that his trial attorney failed to properly investigate the jurisdictional facts for the bank-fraud and aggravated-identity-theft charges. (*See* Dkt. 1 at 14). But Austin can produce no evidence that would have been discovered through additional investigation (which suggests that additional fact-finding was unnecessary). *See Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). The attached "copy of the settlement statement" that neither establishes jurisdiction was lacking nor indicates that trial counsel was unaware of the document. (*See* Dkt. 1 at 14). Moreover, Austin's own in-court confessions during the plea colloquy undermine the notion that insufficient evidence existed and—relatedly—that greater diligence could somehow have exonerated him. *See Blackledge v. Allison*, 431 U.S. 63, 74–74 (1977) ("[R]epresentations of the defendant … constitute a formidable barrier in any subsequent collateral proceedings."). Austin attested, under oath, that he understood the change-of-plea proceedings. (Dkt. 13 CR 761, R. 406 at 1180–85). He affirmed that he knew the nature of his guilty plea, recounting that he met with his attorney more than fifty times. (*Id.* at 1185–86). And in response to the government's detailed factual bases for each count, Austin acknowledged that was "what happened" and that was "what [he] did." (*Id.* at 1189–95). Most importantly, Austin had sat through eight days of trial where he had heard the Government's evidence that established jurisdiction and his guilt. The Government was close to ending its case in chief when Austin pleaded guilty. He acknowledged that he had listened to the testimony and viewed the exhibits in the trial up to that point. R. 460 at 1196. Although he pleaded without an

agreement, it cannot be said that he did not know the evidence against him or how it would play out at trial. He had the benefit of actually hearing the entire case against him laid out.

As for alleged "actual innocence" of the obstruction-of-justice charge, the "Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence," only assuming—in a death-penalty case—that one *might* exist. *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)); *see also Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018) ("[N]either the Supreme Court nor this court has yet indicated that an actual innocence claim could, standing alone, support the issuance of a writ in a non-capital case."); *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018) ("[B]oth parties assume (as did the district court) that the 'actual innocence' exception to procedural default is available to Perrone. That assumption is doubtful."). This case would be a poor vehicle to decide the thorny question of whether a court could grant habeas relief for a prisoner not sentenced to the death penalty who was "actually innocent." The in-court confessions and lack of exonerating evidence doom Austin's challenge altogether.[3]

Finally, the Court can make quick work of the vindicative-prosecution claim. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Austin never presented his theory that prosecutors targeted him based on "fabricated information" to the district court or the Seventh Circuit in the first instance, *see Austin*, 907 F.3d at 996, (dkt. 17 at 2), and so, he cannot raise it now, *Delatorre*, 847 F.3d at 843.

---

[3] The government is unsure if Austin means to argue that actual innocence excuses procedural default for his vindicative-prosecution claim or that he intends to assert a standalone actual-innocence claim. The Court believes the latter is a better reading of the petition and reply brief. The second paragraph of the Reply Brief makes the point clear: Austin writes, "I am actually innocent of the Obstruction of Justice charge." (Dkt. 17 at 1–2).

**CONCLUSION**

For these reasons, the petition for relief is denied. (Dkt. 1).

_____
Virginia M. Kendall
United States District Judge

Date: August 29, 2023

6